UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAMAINE A. HARRISON (#3567) | CIVIL ACTION |
| VERSUS | |
| McDONALD'S RESTAURANT, INC., ET AL. | NO. 15-0031-JWD-RLB |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on May 7, 2015.

    RICHARD L. BOURGEOIS, JR.
    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAMAINE A. HARRISON (#3567)                    CIVIL ACTION

VERSUS

McDONALD'S RESTAURANT, INC., ET AL.             NO. 15-0031-JWD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, a person confined or previously confined at a facility operated by the Eastern Louisiana Mental Health System in Jackson, Louisiana, filed this proceeding on a form for the assertion of claims brought pursuant to 42 U.S.C. § 1983 against McDonald's Restaurant, Inc., and an unnamed manager/employee at a McDonald's location on Harding Blvd. in Scotlandville, Louisiana. The plaintiff complains that on an unspecified date, he was a patron at the referenced eatery and, after tendering money in payment for food, was given an incorrect amount of change in return. He asserts that when he requested to speak with a manager, the manager arrived and responded in a disrespectful manner. The plaintiff asserts that when he pointed out to the manager the alleged disrespectful treatment, the manager refused the plaintiff service, called the police, and "banned" the plaintiff from the restaurant. The plaintiff seeks monetary damages for the alleged "violation of [his] civil rights ... for refusing [him] service."

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.

An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Before addressing the substance of a plaintiff's Complaint, a federal Court must first examine the threshold question of whether it has jurisdiction over the claim alleged. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). This is an issue of paramount concern and should be addressed at the inception of any federal action, *sua sponte* if necessary. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Lowe v. Ingalls Shipbuilding, A Division of Litton Systems, Inc.*, 723 F.2d 1173, 1176-77 (5th Cir. 1984). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the United States Constitution or a federal law or treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between the adverse parties and at least $75,000 in controversy,

*see* 28 U.S.C. § 1332. Because federal courts are courts of limited jurisdiction, the operative presumption is that a claim lies outside of the Court's jurisdiction, and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Bunch v. Mollabashy*, 2015 WL 1378698, *2 (N.D. Tex. March 26, 2015).

Upon a review of the plaintiff's allegations, the Court concludes that it does not have federal subject matter jurisdiction with respect to the plaintiff's claim. Rather, the plaintiff's claim appears to relate simply to a dispute between private persons regarding the provision of service at a local eating establishment. The plaintiff's allegations do not appear to implicate any federal statutory or constitutional provision, notwithstanding that he asserts in conclusory fashion that the basis for his suit in federal court is the "violation of [his] civil rights." First, his allegations are not subject to reasonable interpretation as asserting a claim for the violation of his constitutional civil rights under 42 U.S.C. § 1983 because, by the terms of that statute, a plaintiff must allege and show that his rights have been violated by a person acting under color of state law. Inasmuch as McDonald's Restaurant and the unnamed manager/employee at the McDonald's location are clearly not state actors, there is no basis for liability under § 1983. Further, there is no factual basis in the Complaint for concluding that the alleged refusal of service in this case was prohibited by federal law, as it would be, for example, if the refusal were discriminatory based upon the plaintiff's race or ethnicity as provided in 42 U.S.C. § 2000a and 42 U.S.C. § 1981. The plaintiff does not identify in the Complaint either his own race or the race of the defendant employee/manager, and he explicitly asserts that the action taken against him by the defendant employee was because the plaintiff "voiced [his] opinion" regarding alleged poor customer service. This allegation does not suggest a racially discriminatory motivation for the

defendant's actions. Accordingly, it does not appear that the plaintiff's allegations are sufficient to invoke the federal subject matter jurisdiction of this Court. *See Thomas v. Two Rivers Grocery & Market*, 2012 WL 5496423, *1-2 (E.D. Tex. Oct. 18, 2012), *appeal dismissed as frivolous*, 531 Fed. Appx. 451 (5th Cir. 2013) (dismissing for lack of federal jurisdiction a claim regarding an alleged discriminatory failure to serve where the allegations were conclusory and where the plaintiff did not allege his own race or "allege sufficient facts to infer that Defendants intended to discriminate against Plaintiff on the basis of the race").

Further, inasmuch as the plaintiff is apparently a Louisiana citizen and identifies an employee/manager at a Scotlandville restaurant as a defendant herein, it does not appear that there is complete diversity of citizenship between the plaintiff and the defendants in this case. Accordingly, pretermitting any consideration of whether the plaintiff's claim involves a controversy exceeding $75,000 in value (which does not appear likely or conceivable), the Court does not have diversity jurisdiction under 28 U.S.C. § 1332 for this reason. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants"). Therefore, in the absence of any other apparent basis for federal subject matter jurisdiction, the plaintiff's lawsuit should be dismissed.

## RECOMMENDATION

It is recommended that the plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A for lack of jurisdiction and as frivolous and for failure to state a claim upon

which relief may be granted, reserving to the plaintiff any state law claims that he may have.[1]

Signed in Baton Rouge, Louisiana, on May 7, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

1. The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."